May it please the Court, Chris Lim for the petitioner Percy Bacon. I would like to reserve two minutes for rebuttal. So although this case appears to be limited to the Rule 11 sui sponte sanctions of a prosaic prisoner, I would like to suggest to the Court that this case is about the access to federal courts for all litigants. I think we actually have some jurisdiction issues to discuss and I'm not sure if you're prepared to discuss them. I'm not sure that I am. I guess let me just ask, is there really a valid notice of appeal from the April 15th order imposing the sanctions? Because it seems like there may not be. That could be. However, I believe that I argued in my reply brief that the notice of appeal problem ought to be waived because they didn't bring it. And you can't waive notice of appeal problems? Jurisdiction? I believe I'm not really fully prepared to answer this. If the Court believes it necessary, I would like to perhaps respond with a supplemental brief, a further supplemental brief. Okay. So you're really here. Do you want to talk about the sanctions order then? I would like to talk about the sanctions order, yes. Okay. So the second question about the sanctions order is whether it moved. Mootness, right. Okay. So I take it the Court did not, then, by my… We're only asking questions. Okay. Well, I understand. Okay. So I believe that it is not moot because it is a harm capable of reputation that I've been in review and I believe it fits squarely with that. Well, I have a different question then. Okay. What happened here, as I understand it, is that the District Court issued Rule 11 sanctions, which he then referred to the prison, which I've never seen before. And the prison essentially found that he was culpable but didn't give him any discipline or whatever discipline they gave him is over. Is that right? Right. But is there anything in the record about any additional consequences of this discipline? I mean, in general, what did your client sentence? So my client was subsequently sent to administrative segregation that I think was perhaps a consequence of the earlier guilty plea that he made. But that's over now? That's over, yes. But what I'm asking is this. These things often come back at prisoners, say, in parole areas. Is he going to be eligible for parole someday? Is there anything in the record about it? Assuming that there's nothing happening to him at this moment with regard to this discipline, what consequences it could have for him later? There's nothing in the record, but I believe it's in the NDOC guidelines that prior conviction can be used against him later. You mean prior discipline? Prior discipline, yes. As, for example, what does it say? Do we have that? I don't have that in front of me, no. I'm starting to understand that the sanctions were never imposed. What is it that you're talking about referring to the administrative segregation? Because the record here, it didn't show any administrative segregation. No, I believe that he received administrative segregation down the line for another offense. Something unrelated? Something unrelated, yes. But presumably the prior guilty plea affected that. Can you tell me in what way? Well, I mean, as I was mentioning, under the NDOC guidelines, the prior punishment, the prior guilty plea, the prior would have affected their subsequent. Are these guidelines something we can take judicial notice of? Yes, it would say. I can ask you to take judicial notice of it. I have not, no. I submit them. Okay. Go ahead. Okay. So, counsel, my understanding is that your client admitted the underlying violations at the correctional facility disciplinary procedure, right? That is correct, yes. And he was given a suspended sentence? Correct. And he apparently behaved himself during the period of that suspension, and it went away? Correct. Correct? Yes. And this admin sake you're referring to is related to events utterly unconnected to this appeal? That's correct. Okay. Thank you. So, to backtrack. Hold on. Okay. I know this is kind of focused on mootness, but how is this capable of repetition that it may be for you if you're able to talk about that? Well, Your Honor, I believe that if a judge, a district court judge, were to apply this kind of referral, this NTSC referral, then generally speaking, by the time that an appeal could be taken, the punishment would have been already given and served. So, you know, administrative segregation. The question is whether it's capable of repetition with regard to your client. With regard to my client, certainly it is capable of repetition. I used to file. I say just a little day. Because he's now restricted. So, I mean, there's even less chance that he's even going to get anything filed, let alone, you know, have some consequence for it being filed. But I'm just curious because that's kind of. But certainly it is possible that there would be a retroactive rule that would. Are you appealing this? You're challenging the sanctions. Are you challenging the vexatious litigant order as well as part of the sanctions? The sanctions, there were two parts to the sanctions. One was the referral. Yes. The other was essentially a vexatious litigant order.  You're not? No. All right. Okay. Okay. So, I believe that if you read Willie, Willie states that Rule 11 is connected to the inherent powers of the court. In that case, Willie and Cooter and Gell, the court was addressing the problem of whether or not a district court has the ability to issue Rule 11 sanctions against a litigant once it's lost subject matter jurisdiction. So, in the example of Cooter and Gell, there was Rule 41 dismissal. And similarly in Willie, the court had lost subject matter jurisdiction. And in Willie, the Supreme Court explicitly affirms the Fifth Circuit in doing so states that Rule 11 derives from the inherent powers of the court. And so, I believe that if you put that case in connection with Roadway Express, which holds that the inherent powers of the court require the finding of bad faith, then the court should have made a finding of bad faith in this case. I see that. Because you say that this kind of an order is not a proper Rule 11 order. Could it be done under Rule 11? No, Your Honor. I believe it could be done under Rule 11. I think the problem is that the court needed to make a finding of bad faith under Rule 11. Why? Because the Rule 11 was an issuance under its inherent authority. Because Rule 11 derives from its inherent authority. But generally, one doesn't have to make a bad faith finding under Rule 11, do you? Well, that's what I'm arguing. You're arguing that generally you do? I'm arguing. So, you're not complaining about this particular weird form of sanction, which is to refer a person to prison? I am. Have you ever seen a case where that's ever happened? No, I've never seen that before. But that's not what you're focusing on. You're making a generic Rule 11, are you? I am making a generic Rule 11. Okay. Thank you. Thank you. Good morning, Your Honors. May it please the Court. My name is Matthew Johnson. I'm a Deputy Attorney General for the State of Nevada, representing the respondents of Helly's in this matter. Your Honors, as you pointed out, this Court lacks jurisdiction over this case because he never appealed from the actual sanctions order. Do I have any other questions about the lack of jurisdiction? Well, the odd business is that he filed an appeal, which actually arrived after the sanctions order, but it was sent before the sanctions order. Right. If you look at the notice of appeal and you see what he's actually complaining about, he's actually complaining about the motion, the denial of his motion to reopen. He says on the first page of the notice of appeal, he says… Yeah, but we're often forgiving about exactly what it says on the notice. But the funny business here is that at the time it was sent, although not at the time it was received, there was no sanctions order. In other words, if he had sent this after the sanctions order issued and then proceeded to brief the sanctions order, we might in fact regard the fact that there was a limited specification in the notice of appeal as no, never mind. I'm not sure. The date it was received was April 21, 2014, which was after the sanctions order was issued. Right. I'm not sure. But it was sent before the sanctions order. Right. He does have it on April 9, 2014. I've looked at a lot of the dates in this case and they're not reliable. Let's assume that he sent it before the sanctions order was issued. Then we know with certainty that he wasn't appealing from the sanctions order because the sanctions order hadn't been issued yet. That's the point. Right. Yes, ma'am. Sorry, I thought you were saying that the fact that he was appealing before the sanctions order. Because if it were the other problem only, I think his way of reporting would be right. It's not such a big deal. It's not jurisdictional as I understand it or necessarily something that somebody is stuck with if they just don't mention something in their notice of appeal. Well, I think there's case law that I put in my brief that you have to, for all post-Jesuit orders, you need to appeal from the actual order rather than a different order. What I'm trying to say is I don't even think his appeal was about the Shokah's order or the sanctions order. His appeal and the denial of the motion to reopen his entire seven-page notice of appeal is completely about that issue. He's upset because the court denied his sixth motion to reopen the case. Because I'm curious, and you can assume you're right. Yes, Your Honor. Is this an appropriate Rule 11 sanction? Have you ever seen one like it? I'd love to see if there's any that were actually issued. I saw four or five different Shokah, different warnings about issuing a similar Shokah's order with respect to this kind of discipline in the District of Nevada. Well, the District of Nevada likes this idea, but I've never seen it. By different judges. But I couldn't find anywhere the order was actually imposed. The difference with Mr. Bacon, Mr. Bacon's notorious in the state of Nevada. He has over 75 different case numbers before the Nevada Supreme Court. But did he have a Rule 11, I mean, isn't a Rule 11 sanction supposed to be a sanction issued by the court? Not a sanction that is sent off to somebody else to impose the sanction. It is also based toward attorneys, isn't it? It's not, I mean, I don't know. This is an odd order to issue sanctions to a prosaic plaintiff and then having it be basically effectuated by the Department of Corrections. The part that I thought was odd, that he wasn't asking the respondents to refer him, I don't think it's necessarily, I think the District Court was at its last up. It had run out of options about ways to sanction this particular litigant. They tried every other possible way. All of his 25 different case numbers for the District of Nevada that he's filed repetitive and vexatious litigation. They had run out of other ways to sanction him, and this is the last thing they thought might have worked. In fact, it didn't work because he filed six different case numbers after he was sanctioned in this case. He generated six different District of Nevada case numbers after this case. Nothing has worked with Mr. Bacon as far as trying to prevent him from filing vexatious, repetitive, and frivolous litigation. Which, I mean, if he weren't in prison, he could have done the same thing, and if he didn't have any money, they would have been in the same position. I don't know why the fact that he happens to be in prison at the moment has anything to do with what the court can do in sanctioning him. I'm not sure what your question is, Your Honor. In other words, the problem is that Rule 11 sanctions are usually money, and if people don't have money, you've got a problem. But why do you get some additional leverage out for him because he happens to be in prison? It does provide for non-monetary sanctions in the rule, and this was a non-monetary sanction, and all the sanction was was notifying the NDOC that he was violating both Nevada law and its own procedures for what an inmate is allowed to do while in prison. That's the only thing the sanction did was say, I'm drawing your attention to the fact that he's violating the prison rules and the state law, and you get to decide what to do about it. Well, but it's the referral for sanctions, if I recall correctly, the district court. I mean, he's referring to the DOC for sanctions for what you just said, if there had been some actual, you know, if he'd been sent to segregation, I just don't know if the district court judge would likely have been required to do more before those type of sanctions could be imposed, even if it was proper in the first place. But we're not there. It's just interesting. If I could just make one, I mean, I'm not trying to press the point where I don't need to, but it was for the consideration of possible sanctions. I understand that the federal district court has a lot of weight when they make that. But if we as the respondents wanted to do the exact same thing that the federal district court did here, we could do this exact same thing based on the show cause order alone, based on the warning that happened three years earlier alone, and that would be enough to have the same effect before the NDOC. And so what the district court did wasn't any different than something we have our own power to do. So what I'm trying to say is it wasn't the court's power as a federal district court judge that was the difference here. It was just the fact that the federal district court was the one essentially making the referral rather than us making the referral. But he did it pursuant to Rule 11. Correct, which allows for non-monetary sanctions. It is unusual, Your Honor. I agree with you. Whatever the sanction was, counsel, it's over and done with, right? Yes, Your Honor. I believe it is. I understand that the argument is that repetition is capable of repetition in any review, but the reason it would be capable of repetition is because he continues to file repetitive and vexatious litigation, and I'm not sure that's the exception. What the exception was meant for in Mootness cases is him continuing to file vexatious and frivolous litigation. But what about, at least in my experience from reading all these records, prisons keep records about discipline, and the next time you do something wrong, the fact that you disciplined before tends to have some consequences, and moreover, it tends to have consequences in parole. Now, I gather we don't have a record on that. He tells me it's in the prison rules. I would suspect he's probably right. I provided this to the court in my answering brief on page 37. So for aggravation, the argument that he made in his brief was that it's going to affect him for aggravation purposes in the future with respect to other discipline, and here's the categories with respect to the NUSD rules provide for. The inmate disciplinary record reflects prior acts of similar misconduct. So, yes, it could be aggravating if he continues to file vexatious litigation. The inmate disciplinary record reflects the type of misconduct as becoming increasingly serious, so something more serious than what he's currently doing. So it does have collateral consequences. That's the answer. I mean, as much as conviction does or anything else. With respect to him doing the same exact thing, vexatious, repetitive litigation. That's not what you just read me. You just read me if he did something worse. The inmate disciplinary record reflects the type of misconduct, this type of misconduct as becoming serious, increasingly serious. I thought number two was if he does something worse. Right, increasingly serious, yes, Your Honor. If he does something else, increasingly serious. Right. Yes. So it has collateral consequences. It could, yes. Therefore, it's not moot. That's why we don't have convictions being moot because somewhere down, I mean, when you say that a conviction is a collateral consequence, has collateral consequences, it's on the theory that he might do something bad again and then it would have collateral consequences. Right, I guess if you analogize it to sentencing, this being sentencing, then I guess you could answer that. Right.  Okay. Thank you, Your Honor. Well, I would just like to emphasize that the fact that, you know, he's filed vexatious litigation to the pastor, he's been told to do so, does not necessarily entail that he would continue to do so in the future or somehow get caught up in punishment-related future filings that might be meritorious and somehow deemed. Your argument cuts against you. I mean, the only way you have a, I mean, your service not moot argument is that he won't do it again.  If his consequence of losing a lawsuit is that he is, you know, punished by the NDOC for further vexatious filing, then that's limiting his access to the court, even though you could, I mean, there are cases that you could bring that to the court. Well, vexatious litigation orders limit access to courts. Okay. And they could out-count. They severely, that's what they do. They say you can't come to court. Right. Right. Okay. Your time is up. Thank you. Thank you.
judges: Hawkins, Berzon, Murguia